BROWNING DEVELOPMENT CO., RESPONDENT, v. MILK RIVER DEVELOPMENT CO. ET AL., APPELLANTS.

(No. 6,939.)

(Submitted September 22, 1932. Decided October 29, 1932.)

[15 Pac. (2d) 913.]

*Mr. Henry McClernan* and *Mr. Louis P. Donovan,* for Appellants, submitted an original and a reply brief; *Mr. Donovan* argued the cause orally.

*Mr. W. R. McDonald,* for Respondent, submitted a brief, and, with *Mr. George E. Hurd,* a sur-reply brief; *Mr. Hurd* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The Browning Development Company (formerly the Ferdig-Browning Oil Company) brought this action to enforce specific performance of a written contract, dated July 31, 1929,

470

which it, as a party of the first part, made with E. B. Emrick, M. E. Porter and E. J. Hubbert as parties of the second part, wherein the latter agreed to pay to Ferdig-Browning Oil Company an overriding royalty of two and one-half per cent. of all oil and gas produced and saved from lands covered by leases to be obtained by the Ferdig-Browning Oil Company on what is known as the Milk River structure in Glacier county, which leases the Ferdig-Browning Oil Company agreed to obtain and hold for the use and benefit of the parties of the second part.

The contract, a copy of which is attached to and made a part of the complaint, contains this clause: "It is agreed that the above terms shall apply to all leases secured by either party on said structure up to the time of beginning actual operations of drilling on said structure."

The complaint describes certain lands as embraced within leases "procured under the provisions of the contract"; alleges that plaintiff has duly performed all the terms and conditions of the contract on its part; that prior to June 7, 1930, through assignments, all rights and liabilities under the contract devolved upon defendant Milk River Development Company; and that on June 7, 1930, the defendant company, by an instrument in writing, assumed the obligation under the contract of July 31, 1929, to assign and convey to plaintiff a two and one-half per cent. overriding royalty in and to the lands described in the complaint. It alleges that defendant Hannah at all times had full knowledge and notice of the provisions of the contract of July 31, 1929, and of the transactions done pursuant thereto; that the two and one-half per cent. overriding royalty in the lands described in the complaint, so agreed to be assigned and conveyed to plaintiff, stands in the name of L. R. Hannah for the use and benefit of defendant Milk River Development Company, which company is the owner and holder thereof, subject to the claims of plaintiff; that plaintiff has demanded the assignment and conveyance of the royalty from defendants to plaintiff; and that

defendants fail, neglect, and refuse to comply with the demand.

A demurrer by both defendants jointly, containing general and special grounds, being overruled, defendants answered by a general denial as well as by pleading affirmative defenses. The first defense describes certain leases on lands in the Milk River structure obtained by plaintiff between July 1, 1928, and July 31, 1929, and alleges that the leases are held by plaintiff for its own use and benefit, and that plaintiff refuses to hold them for the use or benefit of E. B. Emrick, M. E. Porter, and E. J. Hubbert or either of them, or for the use or benefit of their successors or assigns, and that plaintiff has repudiated the contract of July 31, 1929, and refused to be bound by it. It also alleges that none of the leases described in the complaint was secured by any party to the contract of July 31, 1929.

The second affirmative defense alleges that all of the lessors named in the leases referred to in the complaint are Indian wards of the government, and that the lands consist of allotments to Indian wards, which the government holds in trust; that the leases and regulations made by the secretary of the interior contain a provision against assignment except with the approval of the secretary of the interior; and that, if the contract of July 31, 1929, has reference to the leases described in the complaint it is illegal and void.

The reply is a general denial, except that it admits the leases in question and the regulations of the secretary of the interior prohibit an assignment without the approval of the secretary of the interior.

The court, sitting without a jury, found the issues generally in favor of plaintiff and against defendants, and decreed specific performance as prayed for by plaintiff.

The appeal is from the judgment.

The record is quite voluminous and we shall not undertake to give a detailed synopsis of the evidence. Plaintiff, to prove its case, introduced proof that the leases described in the complaint were bid in by Porter, who paid $19 bonus for them,

but that they were taken in the name of defendant Hannah, as lessee. In order to sustain its charge that the two and one-half per cent. overriding royalty in the leases in question is being held by defendant Hannah for the use and benefit of defendant Milk River Development Company, successor in interest of Porter, Emrick, and Hubbert, it introduced proof over defendants' objection, from which it would appear that defendant Hannah was a joint adventurer with Porter and others, referred to in the evidence as the Shelby group, and with plaintiff; that Porter signed the contract of July 31, 1929, in behalf of the group, which included L. R. Hannah; that defendant Milk River Development Company dealt with the parties on the theory that all were joint adventurers. From these facts it is argued that defendant Hannah became a trustee for the members of the Shelby group, which later became the Milk River Development Company, and also for plaintiff; that in consequence he holds the two and one-half per cent. royalty for the use and benefit of defendant Milk River Development Company subject to the claim of plaintiff.

To sustain the judgment it would be necessary to consider the evidence disclosing the foregoing facts. But as above stated, the evidence went in over objection, the court announcing that it would reserve its ruling.

The evidence showing the joint adventure was inadmissible under the issues made by the pleadings. The complaint makes no reference to a joint adventure. It furnishes no information as to how defendant Hannah came into the picture other than the allegation that he had knowledge of the transactions pleaded in the complaint and that he holds the two and one-half per cent. royalty for the use and benefit of defendant company. The allegation of knowledge on his part of the transactions is not sufficient to admit evidence of the joint adventure. The allegation that he holds the royalty for the use and benefit of defendant company, under the evidence sought to sustain it, was but a legal conclusion to be drawn from certain facts. (49 C. J. 75, sec. 63, and particularly note 50, p. 76.) The facts, and not the conclusion,

should have been alleged. The complaint did not allege facts sufficient to warrant the admission of evidence showing the joint adventure and that Porter signed the contract of July 31, 1929, on behalf of others than himself. With this evidence eliminated, there was not sufficient evidence to support the judgment against defendant Hannah.

As to defendant Milk River Development Company, the record is in the same situation for it is the particular two and one-half per cent. royalty held by defendant Hannah that plaintiff seeks to have conveyed to it. The remainder of the interest in the leases had, prior to the commencement of the action, passed from defendant Milk River Development Company to the Fulton Petroleum Corporation, which is not a party to the action, and hence as to that interest the Milk River Development Company cannot be compelled to make specific performance to plaintiff, though it had agreed so to do. (*Alley* v. *Peeso,* 88 Mont. 1, 290 Pac. 238.)

Eliminating the evidence which was inadmissible under the pleadings there is nothing in the record to support the judgment. Counsel for defendants has urged that the complaint is insufficient in other respects as containing conclusions of law. The questions are debatable, but since they may be eliminated by amendment they require no consideration.

Accordingly, the judgment is reversed and the cause remanded for a new trial, with the right in plaintiff, if it so desires, to amend its complaint within a reasonable time to be allowed by the court.

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE MATTHEWS, HONORABLE JOHN HURLY, District Judge, and HONORABLE JEREMIAH J. LYNCH, District Judge, sitting, respectively, in place of JUSTICES FORD and GALEN, disqualified, concur.